```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
In re:                                                          Case No. 18-00282-RNO
Erica T. Bradley-McCabe                                         Chapter 13
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0314-5          User: CGambini          Page 1 of 1          Date Rcvd: Mar 08, 2018
                              Form ID: pdf002         Total Noticed: 18
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 10, 2018.
```
db            +Erica T. Bradley-McCabe,    505 Thomas Street,    Stroudsburg, PA 18360-2104
5014952       +ALFRED STROUSE, DEPUTY CHIEF,    MONROE COUNTY PROBATION,    610 MONROE STREET SUITE 101,
                STROUDSBURG, PA 18360-2278
5014953        BARCLAYS BANK,    PO BOX 8802,    WILMINGTON, DE 19899-8802
5014955       +CHRISTOPHER MCCABE,    505 THOMAS STREET,    STROUDSBURG, PA 18360-2104
5014956       +CWS/CW NEXUS,    101 CROSSWAYS PARK DR W,    WOODBURY, NY 11797-2020
5014957       +DAVID J. APOTHAKER, ESQUIRE,    520 FELLOWSHIP ROAD, SUITE C306,    PO BOX 5496,
                MOUNT LAUREL, NJ 08054-5496
5014958       +FORD MOTOR CREDIT,    PO BOX 542000,    OMAHA, NE 68154-8000
5014959       +LEE MILLER, DIRECTOR,    DOMESTIC RELATIONS SECTION,    610 MONROE STREET SUITE 110,
                STROUDSBURG, PA 18360-2280
5014960        MOHELA/DEPT OF ED,    633 SPIRIT DRIVE,    CHESTERFIELD, MO 63005-1243
5014963       +STERN & EISENBERG PC,    1581 MAIN STREET SUITE 200,    WARRINGTON, PA 18976-3400
5014964       +TEK-COLLECT,    PO BOX 1269,    COLUMBUS, OH 43216-1269
5014965      ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court:  TOYOTA MOTOR CREDIT,    5005 N RIVER BLVD NE,
                CEDAR RAPIDS, IA 52411-6634)
5025267       +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
5016441       +US Dept of EducationMOHELA,    633 Spirit Dr,    Chesterfield, MO 63005-1243
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5014954       +E-mail/Text: bankruptcy@cavps.com Mar 08 2018 19:11:17     CAVALRY SPV 1, LLC,
                500 SUMMIT LAKE DRIVE, SUITE 400,    VALHALLA, NY 10595-1340
5029482       +E-mail/Text: bankruptcy@cavps.com Mar 08 2018 19:11:17     Cavalry SPV I, LLC,
                500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
5014961       +E-mail/Text: Bankruptcies@nragroup.com Mar 08 2018 19:11:35      NATIONAL RECOVERY AGENCY,
                2491 PAXTON STREET,    HARRISBURG, PA 17111-1036
5014962       +Fax: 407-737-5634 Mar 08 2018 19:41:31      OCWEN LOAN SERVICING, LLC,
                1661 WORTHINGTON ROAD, SUITE 100,    WEST PALM BEACH, FL 33409-6493
                                                                                               TOTAL: 4

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2018                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 8, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              J. Zac Christman    on behalf of Debtor 1 Erica T. Bradley-McCabe jchristman@newmanwilliams.com,
               mdaniels@newmanwilliams.com;epotito@newmanwilliams.com;lbeaton@newmanwilliams.com
              James Warmbrodt    on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
              Jerome B Blank    on behalf of Creditor   Ocwen Loan Servicing, LLC pamb@fedphe.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              Vincent Rubino    on behalf of Debtor 1 Erica T. Bradley-McCabe
               epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newman
               williams.com;eapotito@hotmail.com;lbeaton@newmanwilliams.com
                                                                                               TOTAL: 6
```

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| **ERICA T. BRADLEY-MCCABE,** aka<br>    Erica McCabe, aka Erica King, aka<br>    Erica T. King, aka Erica T. McCabe, aka<br>    Erica Tiffany Bradley-McCabe, aka<br>    Erica Bradley-McCabe.<br>        Debtor. | CASE NO. **5:18-bk-00282**<br><br> X  ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br> 0  Number of Motions to Avoid Liens<br> 0  Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

        1. To date, the Debtor paid **$ 0** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$ 23,477**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/2018 | 09/2018 | $ 122 | N/A | $ 122 | $ 854 |
| 10/2018 | 02/2019 | $ 233 | N/A | $ 233 | $ 1,165 |
| 03/2019 | 02/2023 | $ 491 | N/A | $ 491 | $ 23,568 |
| | | | | Total Payments: | $ 25,587 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:  ( X ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   (   ) Debtor is over median income.  Debtor calculates that a minimum of **$ 0** must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

**B. Additional Plan Funding From <u>Liquidation of Assets/Other</u>**

1. The Debtor estimates that the liquidation value of this estate is **$ 0**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

\_\_\_  No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

_X_  Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ **0** from the sale of property known and designated as **consumer law action v. Toyota Motor Credit**. All sales shall be completed by **January 31**, 20**20**. If the property does not sell by the date specified, then the disposition of the property shall be as follows: **unsuccessful or mere set off against liability**.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   _X_ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   ___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   _X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

   | Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
   |---|---|---|
   | Ocwen Loan Servicing, LLC | Debtor's residence at 505 Thomas Street, Stroudsburg, PA | 6172 |
   | Toyota Motor Credit | 2015 Toyota Sienna | 9199 |

   C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

   ___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

   _X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

   | Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
   |---|---|---|---|---|
   | Ocwen Loan Servicing, LLC | Debtor's residence at 505 Thomas Street, Stroudsburg, PA | $11,157,57 | $1,239.73 | $12,397.30 |
   | Toyota Motor Credit | 2015 Toyota Sienna | $1,233.37 | $628.01 | $1,861.38 |

3

D.  **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

_X_   None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E.  **Secured claims for which a § 506 valuation is applicable.** *Check one.*

_X_   None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F.  **Surrender of Collateral.** *Check one.*

_X_   None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G.  **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

_X_   None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3.  **PRIORITY CLAIMS.**

   A.  **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of **$NA (0)** already paid by the Debtor, the amount of **$NA (4,500)** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ **330** per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      _X_   None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

4

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

   _X_   None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   ___   Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 10.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   ___   None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

   _X_   The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| Monroe County Probation Office | $ 3,654.42 |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

     ___   None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

     _X_   To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| US Dep't of Education | Student Loan(s) (Non-dischargeable and paid via extension of Plan to sixty (60) months | $819.47 | 0% | $819.47 |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ___ plan confirmation.
   _X_ entry of discharge.
   ___ closing of case:

7. **DISCHARGE: (Check one)**

   (X) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

| Level 1 | Adequate protection payments | $ -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | $ 4,500 | |
| Level 3 | Domestic Support Obligations | $ -0- | |
| Level 4 | Priority claims, pro rata | $ 3,654.42 | |
| Level 5 | Secured claims, pro rata | $ 14,258.68 | |
| Level 6 | Specially classified unsecured claims | $ 819.47 | |
| Level 7 | General unsecured claims | $ 307.47 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
| | Subtotal | | $ 23,540.04 |
| | Trustee Commission (Estimated at 8%) | $ 2,046.96 | |
| | Total | | $ 25,587 |

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

6

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

A. This Chapter 13 Plan ("this Plan") provides a distribution chart in Section 8 above that provides estimated distributions to classes of creditors and the estimated Trustee commission rate utilized in the calculations, in addition to all information indicated by the Model Plan.

B. This Plan provides for payment in full of the claim of the **Monroe County Probation Office** despite the form language in Section 3.C. indicating otherwise.


Dated: <u>February 14, 2018</u>        /s/ J. Zac Christman
                                       J. Zac Christman, Esquire, Attorney for Debtor


                                       /s/ Erica T. Bradley-McCabe
                                       **ERICA T. BRADLEY-MCCABE,** Debtor


                                       None
                                       Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

7

Case 5:18-bk-00282-RNO    Doc 13    Filed 02/16/18    Entered 02/16/18 14:12:29    Desc
Main Document    Page 7 of 7
Case 5:18-bk-00282-RNO    Doc 24    Filed 03/10/18    Entered 03/11/18 01:07:49    Desc
Imaged Certificate of Notice    Page 8 of 8