UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| Erica T. Bradley-McCabe, | | |
|     Debtor | : | Case No. 18-bk-00282-RNO |
| | : | |
| Erica T. Bradley-McCabe, | : | Claimant's Brief in Support of its |
|     Objector | | Response to Debtor's Objection to |
| | : | Amended Proof of Claim No. 8 |
|     v. | | |
| | : | |
| Monroe County Domestic Relations | | |
| Section, | : | |
|     Claimant | | |
| | : | |

**CLAIMANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO
DEBTOR'S OBJECTION TO AMENDED PROOF OF CLAIM NO. 8**

**I.    Procedural History**

On January 25, 2018, Debtor, Erica T. Bradley-McCabe, filed her Petition for Relief under Chapter 13 of the Bankruptcy Code. On February 16, 2018, Debtor filed her Chapter 13 Plan. On May 25, 2018, Debtor filed her First Amended Chapter 13 Plan which was confirmed by the Court on July 17, 2018. Also, on May 25, 2018, Claimant, Monroe County Domestic Relations Section, filed a Proof of Claim in the case, in the amount of $3,654.42. Thereafter, on December 18, 2018, Debtor filed a Motion to Modify Confirmed Plan and the Court granted the Motion to Modify on January 14, 2019. In each of the above referenced plans, Debtor proposed to pay to Claimant the correct amount of the child support arrearage. Then, on January 1, 2020, Debtor filed her Adversary Case (20-ap-00001) in which she, essentially, alleges that Claimant

has violated the Automatic Stay (11 U.S.C. § 362) as a result of its postpetition collection activities. Thereafter, on August 12, 2020, Debtor filed a Second Motion to Modify Confirmed Plan (Third Amended Plan) in which she proposes to pay to Claimant an amount that is far less than Claimant's filed Proof of Claim. On September 3, 2020, Claimant amended its claim, for technical reasons, unrelated to the issue raised in this matter. Thereafter, on November 2, 2020, Debtor filed an Objection to Claimant's Amended Proof of Claim in which she, essentially, claims that she should be permitted to setoff her postpetition claim raised by her Adversary Case against Claimant's prepetition claim for unpaid child support. On November 9, 2020, Claimant filed a Response to Debtor's Objection to its Amended Proof of Claim. Thereafter, a hearing was scheduled for January 6, 2021, to consider the issue raised by Debtor's Objection and Claimant's Response.

**II.     Facts**

Debtor has had an outstanding child support arrearage which has been due and owing to Claimant since 2016. The Court of Common Pleas of Monroe County issued an Order on December 11, 2017, which required that Debtor make monthly payments to the Pennsylvania State Collection and Disbursement Unit in connection with Debtor's child support arrearage which, at that time, was determined to be $5,887.75. By the time Debtor filed her Chapter 13 bankruptcy on January 25, 2018, she owed Claimant $3,654.42. During the pendency of Debtor's bankruptcy, Claimant continued to take limited steps in order to recover the outstanding child support in accordance with the exceptions specifically carved out in the Bankruptcy Code for the collection of child support. As a result of the steps taken by Claimant, Debtor filed her Adversary Case in which she claimed that Claimant had violated the Automatic Stay. Thereafter, on

November 2, 2020, Debtor objected to Claimant's Amended Proof of Claim and, essentially, asserted that the Court should limit Claimant's Proof of Claim to the amount already received from the Trustee ($699.15) because the balance of $2,955.27 should be setoff against the amount that Debtor believes that she will recover, if she is successful in connection with her Adversary Case against Claimant.  This matter is scheduled for January 6, 2021, in order to consider Debtor's Objection to the Amended Proof of Claim and Claimant's Response to Debtor's Objection.

III. **Issue Presented:**

Is it appropriate to setoff Claimant's prepetition claim for unpaid child support against Debtor's undetermined and unresolved claim for postpetition damages as a result of an alleged violation of the Automatic Stay by Claimant?

**Suggested Answer:**

No.

IV. **Argument**

Blacks Law Dictionary 1496 (9th ed. 2009) defines a setoff as "[a] debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor [-] the counterbalancing sum owed by the creditor."  Furthermore, the "[r]ight of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.' " Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995) (citing Studley v. Boylston Nat. Bank, 229 U.S. 523, 528 (1913).

In addition, 11 U.S.C. § 558 provides that "the [bankruptcy] estate shall have the benefit

of any defense available to the Debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses." Consequently, the Bankruptcy Code preserves the right of setoff for Debtors under state law. In re TSLC I, Inc., 332 B.R. 476, 478 (Bankr. M.D. Fla. 2005). The right of setoff by Debtor is not created or enlarged by Section 558 of the Bankruptcy Code, it simply confirms the right that Debtor has to assert state law defenses that Debtor may have had prepetition. In re Papercraft Corp., 127 B.R. 346 (Bankr. W.D. Pa. 1991); See also, In re PSA, Inc., 277 B.R. 51 (Bankr. D. De 2002). In, In re PSA, Inc., the Bankruptcy Court explained that "the trustee [or Debtor] must be able to assert all the defenses that Debtor could have asserted had [the] bankruptcy not intervened." Id. at 53. The Court went on to say that "Section 558 preserves any prepetition defenses a debtor may have." Id. Courts have held that Section 558 preserves any right of setoff the debtors may have under state law, including the right to setoff debtor's prepetition claims against administrative [postpetition] expense claims. In re PSA, Inc., 277 B.R. 51 (Bankr. D. De 2002); See also, In re Papercraft Corp., 127 B.R. 346, 350 (Bankr. W.D. Pa. 1991); In re Miller, 459 B.R. 657, 675 (B.A.P. 6th Cir. 2011).

    In the present case, the Debtor is attempting to setoff Claimant's prepetition claim for unpaid child support in accordance with an Order of the Court of Common Pleas of Monroe County, with a speculative, undetermined and unresolved claim of Debtor based upon an alleged violation of the Automatic Stay. Thus, Debtor is trying to setoff a prepetition, judicially determined judgment with a postpetition, speculative, claim for damages that is unsupported by a judgment. More importantly, the claim for unpaid child support is established under Pennsylvania state law, while Debtor's claim arises postpetition, in accordance with Section 362 of the Bankruptcy Code and not under Pennsylvania state law. As such, Section 558 does not

provide for Debtor's attempted setoff because it does not arise under state law and would not even exist but for the filing of the bankruptcy. In short, Debtor's attempt to setoff her postpetition claim against Claimant's prepetition claim for child support is clearly, inappropriate.

## V.     Conclusion

For the reasons just stated, Claimant requests that the Court overrule Debtor's Objection to Claimant's Amended Proof of Claim No. 8.

Date:  01/03/21                                        /s/Philip W. Stock
                                                                  Philip W. Stock
                                                                  Attorney for Claimant
                                                                  Attorney I.D. #53203
                                                                  706 Monroe Street
                                                                  Stroudsburg, PA 18360
                                                                  570-420-0500